# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: NADJA LARUE,
                                    *Debtor.*

---

GREENFIELDS AT BRANDERMILL
CONDOMINIUM,
                    *Plaintiff-Appellant,*            No. 01-1811

v.

NADJA LARUE
                    *Defendant-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-00-3295-AW, BK-00-15637)

Submitted: December 21, 2001

Decided: January 14, 2002

Before WILKINSON, Chief Judge, and LUTTIG and
WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Torin K. Andrews, ANDREWS & PUGLIA LAW GROUP, L.L.C.,
Gaithersburg, Maryland, for Appellant. Lawrence F. Regan, Jr., R.

Manny Montero, GARZA, REGAN & ASSOCIATES, P.C., Rockville, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Greenfields at Brandermill Condominium appeals from the district court's order affirming the bankruptcy court's finding that Greenfields violated the automatic stay in Nadja Larue's Chapter 13 bankruptcy case and imposing sanctions in the amount of $500. *See* 11 U.S.C.A. § 362 (West 1993 & Supp. 2001). Greenfields contends on appeal that its denial to Larue of access to the condominium's swimming pool was based on her post-petition delinquency, which is not subject to the automatic stay. Greenfields also asserts that a pool pass is not property of the bankruptcy estate, and therefore not protected by the automatic stay. Lastly, Greenfields contends that if it violated the stay, such violation was not willful, and therefore the bankruptcy court erred in imposing sanctions. We have previously granted the motion to submit the case for a decision on the briefs, without oral argument.

The bankruptcy court's findings of fact are reviewed for clear error. Fed. R. Bankr. P. 8013; *In re Varat Enters., Inc.*, 81 F.3d 1310, 1314 (4th Cir. 1996). Legal conclusions are reviewed de novo. *In re Bryson Props.*, 961 F.2d 496, 499 (4th Cir. 1992). We have reviewed the parties' briefs and the materials submitted in the joint appendix in light of the applicable standards of review and find no reversible error in the district court's decision upholding the bankruptcy court's finding of a violation and imposing sanctions. Accordingly, we affirm on the reasoning of the district court. *In Re Larue*, Nos. CA-00-3295-AW; BK-00-15637 (D. Md. May 15 & 21, 2001).

*AFFIRMED*